```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/5/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALVARO SANDOVAL,

                        Plaintiff,

        -against-

MATERIA BROS. INC., SALVATORE
MATERIA, and VINCENCIO MATERIA,

                    Defendant(s).
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
11-Civ-4250 (CS) (GAY)

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

    Plaintiff Alvaro Sandoval ("Sandoval" or "plaintiff") brought this action against defendants Materia Bros. Inc., Salvatore Materia, and Vincencio Materia (collectively "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and New York Labor Law ("NYLL"), § 190 et seq., § 650, et seq. and its ensuing regulations, 12 New York Codes, Rules, and Regulations ("NYCRR"), tit.12, § 142-2.2, 142-2.4. By Order dated June 29, 2012, the Court directed plaintiff to submit an Order to Show Cause for a Default Judgment or the case would be dismissed for failure to prosecute. (Dkt. #11) By Order to Show Cause dated July 09, 2012, this Court ordered defendants to show cause why an order should not be issued entering judgment by default against them for failure to answer the complaint. (Dkt. #13) A show cause hearing was scheduled for August 9, 2012 and defendants failed to appear. By Order dated August 10, 2012, Your Honor referred this matter to the undersigned to report and recommend the amount of damages to be awarded plaintiff, plus reasonable costs and attorneys' fees. (Dkt. # 17) Plaintiff filed an inquest submission in

Copies mailed / ~~handed~~ / faxed to ~~counsel~~ Parties  3 / 5 / 13

accordance with the Court's direction. Defendants failed to respond. For the reasons that follow, I respectfully recommend that Your Honor award plaintiff damages, costs, and attorneys' fees against defendants in the amount of $28,846.99.

## I. BACKGROUND

The following background information is obtained from the allegations plead in the Complaint and plaintiff's Memorandum in Support of Inquest. Plaintiff alleges that defendants Salvatore Materia and Vincencio Materia hired him to work as a laborer and driver for their business, Materia Bros. Inc. Plaintiff further alleges that he worked for defendants from May 18, 2009 to November 9, 2009. He performed a variety of work for the company, including construction, gardening, and landscaping. He also transported goods from defendants' business location in Greenwich, Connecticut to houses located in Westchester County. Plaintiff contends that he regularly worked more than ten hours a day and forty hours per week for the defendants. The defendants failed to compensate him for all the hours he worked. When they did compensate plaintiff, defendants did so in cash. Defendants paid plaintiff a total of $8,890, but failed to compensate him for overtime hours worked. Defendants failed to compensate plaintiff for an additional hour of pay at minimum wage for each day that his "spread of hours" was in excess of ten hours per day.

On November 9, 2009, Sandoval quit working for the defendants and requested to be compensated for his unpaid wages. Defendants informed him that they could not pay him. Plaintiff maintained a log with the weeks and hours he worked, whether he was compensated, and how much he was compensated. He claims compensation for unpaid wages, overtime, and attorneys' fees.

## II.  CALCULATION OF DAMAGES

Plaintiff Alvaro Sandoval seeks the amount of $22,894.27 in damages as compensation for unpaid wages and overtime under FLSA and NYLL.  He bears the burden of proving that he performed the work for which he claims defendants did not compensate him.  See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (An employee seeking to recover unpaid minimum wages or overtime under FLSA ordinarily "has the burden of proving that he performed work for which he was not properly compensated.").  Here, the employers have not submitted any documents showing that they maintain records of the employee's wages, hours, and other terms and conditions of employment as required by FLSA.  As such, plaintiff may meet his burden by proving that "he has in fact performed work for which he was improperly compensated and [by] produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Tlacoapa v. Carregal, 386 F. Supp.2d 362, 367 (S.D.N.Y. 2005) (quoting Anderson, 328 U.S. at 687).

Sandoval sets forth in his Declaration that he worked for the defendants from May 18, 2009 until November 09, 2009.  See Declaration of Alvaro Sandoval ("Declaration"), at ¶ 4.  He performed a variety of work for the company, including construction, gardening, and landscaping.  Id. at ¶ 9.  He regularly worked more than forty hours per week for the defendants.  See Memorandum in Support of Inquest ("Mem. Supp't"), at 2.  He regularly worked more than ten hours a day. Id.  The defendants did not compensate him for all the hours he worked. Id.  He maintained a log of the weeks and hours he worked, whether he was compensated, and how much

3

he was compensated. Declaration at ¶ 4. He contends that defendants owe him the amount of $22,894.27. See Mem. Supp't at 4-5. He alleges that this amount includes unpaid wages, overtime, minimum wages, 100% liquidated damages under the FLSA, and 25% liquidated damages under N.Y. Lab. L. § 663 (1) and NYCRR § 142. Id. Sandoval has provided the Court with the log he maintained while he worked for the defendants. The log contains the dates and hours he worked and how much, if any, defendants paid him.

Plaintiff seeks liquidated damages under both the FLSA and NYLL. There is no evidence that defendants acted in good faith and, as such, liquidated damages are appropriate. He seeks 100% liquidated damages of $10,173.23 under the FLSA; and 25% liquidated damages of $2,543.81 under the NYLL. Courts "in this Circuit have reached different conclusions over whether a plaintiff may recover liquidated damages under both the FLSA and the NYLL for the same violations." Greathouse v. JHS Sec. Inc., No. 11 Civ. 7845, 2012 WL 5185591, at *2 (S.D.N.Y. Oct. 19, 2012); Zubair v. Entech Engineering P.C., No. 09 Civ. 7927, 2012 WL 4887738, at *5 n. 4 (S.D.N.Y. Oct. 1, 2012). I conclude that plaintiff should be compensated for liquidated damages under the FLSA, but that an additional award of liquidated damages under the NYLL for the same violations would be inappropriate. Greathouse, 2012 WL 5185591, at *2.

Plaintiff also seeks the amount of $337.05 for spread of hours payment under the NYLL for days which he worked greater than ten hours. He has provided sufficient documentation of said damages in his Declaration and inquest submission. Although some courts in this Circuit have ruled that New York's spread of hours provision only applies to employees earning minimum wage, I conclude that plaintiff should be

compensated for the small amount involved herein given the absence of any objections by the defaulting defendants. Greathouse, 2012 WL 5185591, at *5.

I respectfully conclude that Sandoval has established that he performed the work and that defendants did not compensate for the work he performed. Additionally, based on the evidence provided, I note that defendants failed to compensate Sandoval for the overtime for the days he worked in excess of forty hours in a workweek. The defendants also failed to compensate Sandoval for an additional hour of pay at minimum wage for everyday that the "spread of hours" he worked exceeded ten hours. I conclude that Sandoval has carried his burden. Moreover, defendants have not opposed the requested damages. Thus, I respectfully recommend that Sandoval be awarded damages in the amount of $20,350.46 as follows:

(Regular Hours – FLSA)

    819.6 hours x $13.5 =$11,130.17

(Overtime Hours – FLSA)

    373 hours x $20.37 =$ 7,598.01

(Spread of Hours – NY) =$   337.05

100% Liquidated Damages (FLSA) =$10,175.23

(Minus)

Amount paid by defendants =$ 8,890.00

                                  _____

Total =$20,350.46

### III.   CALCULATION OF ATTORNEY'S FEES

In calculating attorney's fees, the court multiplies a reasonable hourly rate by the reasonable number of hours expended on the case to produce the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 189-90 (2d Cir. 2008). In setting the reasonable hourly rate, "a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." Torres v. City of New York, No. 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008). The "presumptively reasonable fee" is then calculated via the traditional "lodestar method": the reasonable hourly rate is multiplied by the reasonable number of hours expended. See Arbor Hill, 493 F.3d at 111-12. In order to calculate the reasonable hours expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits and other materials. See Chambliss v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir. 1989). Upon calculation of the "presumptively reasonable fee" amount, the Court should "make any appropriate adjustments to arrive at the final fee award." Adorno v. Port Auth. of New York and New Jersey, 685 F. Supp.2d 507, 511 (S.D.N.Y. 2010). Moreover, the Second Circuit has cautioned, "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139, 1148 (2d Cir. 1983) (internal citations and quotations omitted).

## A. REASONABLE HOURLY RATE

Determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which] may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." See Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted). The Second Circuit has stated that, in determining what rate a paying client would be willing to pay, the district court should consider the following factors enumerated in the case of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Arbor Hill, 522 F.3d at 186 n. 3 (citing Johnson, 488 F.2d at 717-19). In addition to the Johnson factors, the district court should also consider:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

See id. at 184.  At bottom, the party seeking a fee award "has the burden of showing by satisfactory evidence–in addition to the attorney's own affidavits–that the requested hourly rates are the prevailing market rates." Farbotko, 433 F.3d at 209 (citations and internal quotation marks omitted).

Here, attorneys Daniel Villena ("attorney Villena") and Peter Dellinger ("attorney Dellinger") from the Empire Justice Center worked on the plaintiff's matter.  Each attorney seeks compensation at the rate of $200 per hour.  This is not an unreasonably high rate. However, neither attorney has met his burden of establishing the reasonableness of the requested hourly rates.  See Farbotko, 433 F.3d at 209.  The attorneys provided a contemporaneous time record on plaintiff's matter.  However, they failed to provide information as to their experiences, reputations, and abilities.

Having considered all of the factors in Johnson and Arbor Hill, I note that the instant case is not unusually complex, that it did not demand too great of resources, and that there were no unusual timing demands on the case.  Moreover, in considering the appropriate hourly rate, I have relied on my own knowledge of the rates charged by practitioners.  See McDonald *ex rel.* Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.") (citations omitted).

Accordingly, after considering all the factors and the lack of information provided in this fee application, I respectfully conclude that each attorney should be compensated at the rate of $175 per hour.

## B. NUMBER OF HOURS REASONABLY EXPENDED

To determine the number of reasonable hours expended, contemporaneous time records, affidavits, and other materials must support the prevailing party's fee application. Chamblis, 885 F.2d at 1058; New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1147-48. The number of hours should be reduced for excessive, redundant, vague, or otherwise unnecessary hours. Quarantino v. Tiffany & Co.,166 F.3d 422, 425 (2d Cir. 1999). "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks and citation omitted). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Cesario v. BNI Constr., Inc., 07 Civ. 8545, 2008 WL 5210209, at *7 (S.D.N.Y. Dec. 15, 2008) (citing Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

In reviewing the time record, I have identified numerous vague entries that should be discounted from the total number of hours claimed. For example, attorney Villena billed the client for "investigation" (5.5 hours), "pre-litigation work" (4.667 hours), "preparing for litigation" (7.333 hours), "interviews" (4.00 hours), "documents review" (3.5 hours), and "legal research" (3.75 hours). It is unclear who the attorney interviewed, what documents he reviewed, what issues he researched, what work he performed in preparing for litigation, or what constitutes pre-litigation work. Simply stated, these billing descriptions are vague and warrant a reduction of the hours claimed. "[I]n dealing with such surplusage, the court has discretion simply to deduct a

reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing New York State Ass'n for Retarded Children, 711 F.2d at 1146); see also DeVito v. Hempstead China Shop, Inc., 831 F.Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the work); Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG, No. 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (reducing fee request by 25% to account for block billing, vagueness, and excess).

Thus, based on all of the foregoing factors, I respectfully recommend reducing attorney Villena's request for fees by 25 percent and calculating compensation using the hourly rates noted above as follows:

| | | |
|---|---|---|
| Peter Dellinger | 1.083 hours x $175 | = $    189.53 |
| Daniel Villena | 45.44 hours x $175 | = $ 7,952.00 |
| | | ──────────── |
| Total attorneys' fees | | $ 8,141.53 |

Additionally, I have reviewed plaintiff's request for costs, in the amount of $355, and find them to be reasonable.

## IV.   CONCLUSION

For the foregoing reasons, I respectfully recommend that a default judgment be entered in favor of plaintiff and against defendants Materia Bros. Inc., Salvatore Materia, and Vincencio Materia in the amount of $28,846.99, jointly and severally, representing

damages in the amount of $20,350.46 and attorneys' fees and cost in the amount of $8,496.53.

## V.  NOTICE

Pursuant to 28 U.S.C. § 636(b) (1) (c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: March 5, 2013
White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.